David Nowakowski, Bar No. 0035068
**GILLESPIE, SHIELDS,**
**GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
dnowakowski@gillaw.com
*Attorney for Plaintiff*

Please send all Court Documents to:
mailroom@gillaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HAZEL CORBIN, an individual, | Case No: |
| Plaintiff, | |
| v. | **PLAINTIFF'S FLSA AND ARIZONA WAGE AND HOUR COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ARIZONA CITY FIRE DISTRICT, an Arizona Public Agency, JEFF HEATON and JANE DOE HEATON, husband and wife. | |
| Defendants. | |

COMES NOW Hazel "Pepper" Corbin ("Plaintiff" or "Pepper"), by and through her undersigned counsel, and alleges the following in her Complaint against Defendant Arizona City Fire District ("Defendant" or "ACFD"):

1

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Pepper is an individual residing in Pinal County Arizona and is employed by Defendant ACFD as defined in 29 U.S.C. § 203(e)(1) and as used in 29 U.S.C. § 207(a) and defined in A.R.S. § 23-350(2).

2.      ACFD is an enterprise engaged in commerce in that it meets the definition of public agency as defined in 29 U.S.C. 203(s)(1)(C). ACFD is a fire department. ACFD is an employer within the meaning of 29 U.S.C. § 203(d) and as used in 29 U.S.C. § 207(a) and as defined in A.R.S. § 23-350(3).

3.      Chief Jeff Heaton is an employer under 29 U.S.C. § 203(d). At all times relevant hereto, Jeff Heaton had the authority to hire and fire ACFD employees, made wage payment decisions, and exercised operational control of ACFD. Moreover, in all these capacities, including the decisions made regarding Plaintiff's wages and employment, Heaton was acting directly or indirectly in the interest of ACFD.

4.      At all relevant times, ACFD employed at least twelve (12) full-time firefighters, EMTs, or Paramedics each week.

5.      Defendant ACFD is an Arizona entity and caused events to occur in Arizona out of which this complaint arises by its actions or inactions, and is responsible for Plaintiff's damages.

6.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1337.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

8.      Plaintiff began employment with ACFD in 2012.

9. Plaintiff's position is to manage ACFD's payroll, distribute paychecks, process time sheets, ensure bills are paid, and ensure pension benefits are processed and paid.

10. Plaintiff's work is primarily clerical; she is not permitted to unilaterally make decisions about ACFD's budget, payroll, insurance, timekeeping, or any other matter of significance affecting ACFD's operations.

11. Pepper regularly worked over 40 hours per week while employed by ACFD.

12. ACFD regularly failed to pay Pepper overtime wages.

13. Pepper typically started working by 7:00 AM each day.

14. From 2016 to the present date, ACFD has never recorded Pepper's hours worked from 7:00 AM to 9:00 AM on the first Monday of each pay period. Instead, ACFD starts recording work hours at 9:00 AM.

15. ACFD's timekeeping system was inaccurate in other ways. For example, it rounded minutes down to the nearest hour at the end of the workday.

16. Beyond failing to record certain hours worked as stated above, ACFD kept time sheets showing Pepper's hours worked.

17. Prior to July 2017, ACFD classified Pepper as an exempt employee under FLSA and paid her a salary of approximately $682.69 per work week

18. Based on her job duties, Pepper did not qualify as an exempt employee under the FLSA.

19. Pepper did not exercise discretion and independent judgment with matters of significance as part of her job duties at ACFD.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

20.     Pepper did not exercise advanced knowledge in a field of science or learning as part of her primary job duties.

21.     Pepper did not regularly direct the work of two or more other employees (or their equivalent) as part of her employment with Defendant.

22.     Pepper did not have the authority to unilaterally hire, fire or discipline any employee of ACFD.

23.     In or around July of 2017, Pepper complained to ACFD management that she believed she was misclassified as an exempt employee.

24.     Around July of 2017, ACFD began paying Pepper an hourly wage at a rate of $17.07 per hour. This change indicated ACFD's admission that Pepper was indeed a non-exempt employee entitled to hourly wages and overtime.

25.     However, ACFD regularly failed to pay Pepper for hours she worked over 40 in individual workweeks.

26.     In January of 2018, ACFD increased Pepper's regular rate to $18.50, but continued to fail to pay her overtime.

27.     ACFD's policy manual states that non-exempt workers will be paid 1.5 times their regular hourly rate for hours worked over 40 per workweek.

28.     On certain timesheets, Pepper's manager, Chief Jeff Heaton, ignored Pepper's actual work hours and wrote in his own numbers, only paying her for the numbers he wrote.

29.     For example, in the below image, Heaton wrote "80" where Pepper's actual hours showed "84.45," and ACFD paid her for only 80 hours that week.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

# Reports - Summary Report

### Jun 17, 2019 at 09:00 to Jul 1, 2019 at 09:00
### Displaying: Time Clock Hours

| Member | Weekday | Weekend | Holiday | Total |
|---|---|---|---|---|
| | | Time Clock Hours | | |
| Corbin, Hazel | 84.45 | 0 | 0 | 84.45 *80* |

30.    These hand-made edits appear on almost every time sheet and often resulted in a reduction of Pepper's hours below the overtime threshold so that ACFD could avoid paying Pepper overtime, as shown in her paystub below:

| Employee Pay Stub | | Check number: | | | Pay Period: 07/01/2019 - 07/14/2019 | | | Pay Date: 07/17/2019 |
|---|---|---|---|---|---|---|---|---|
| **Employee** | | | | | | | | |
| HAZEL F. CORBIN, P. O. Box 3559, Arizona City, AZ 85123 | | | | | | | | |
| **Earnings and Hours** | **Qty** | **Rate** | **Current** | **YTD Amount** | **Sick** | | **Accrued** | **Used** |
| HOURLY PAY | 80:00 | 18.50 | 1,480.00 | 20,636.75 | Current | | 0:05 | 0:00 |
| Holiday Pay | | | | 592.00 | YTD | | 0:05 | |
| Hourly Vacation | | | | 971.25 | .. .. | | | |

31.    Since July 4, 2019, Pepper has lost $3,642.00 in unpaid overtime, not including liquidated damages.

32.    Since July 4, 2019, Pepper has not been paid for 130.26 hours of worktime.

33.    On July 21, 2019, Heaton saw that a former employee who had raised a claim against ACFD to the Arizona Industrial Commission, Derrick Ethington, had parked at Pepper's house. Ethington's claim would soon be going to hearing. Heaton had told Pepper that having anything to do with Ethington's claim could get her fired. Heaton called Pepper and made the statement that he saw that she had company, implying that she was meeting with Ethington.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

34.    Pepper had also recently complained about the time-clock error and Heaton's manipulation of time sheets resulting in unpaid wages and unpaid overtime.

35.    The next day, on July 22, 2019, Heaton reduced Pepper's schedule to only two shifts per week, or 16 hours of work per week.

36.    Heaton originally told Pepper the severe reduction in her shifts from full-time to 16 hours per week was decided by ACFD's Board of Trustees.

37.    However, when Pepper followed-up regarding the reasoning for the reduction in her hours, Heaton yelled at her, berated her, and told her it was 100% his decision to reduce her hours. This is when Pepper confirmed that Heaton retaliated against her because he believed she was supporting Ethington's claim against ACFD.

38.    Defendants' failure to pay overtime hours to Pepper was willful in that it knew or should have known she was non-exempt prior to July 2017 and demonstrated that knowledge by changing her status to an hourly employee that it was obligated to pay overtime and still did not. Additionally, ACFD's policy manual references the FLSA and indicates non-exempt employees will receive overtime, further demonstrating Defendants' knowledge and willfulness. Beyond that, there is direct evidence from Plaintiff's time sheets that Heaton willfully ignored Pepper's overtime hours out and wrote in lower numbers.

39.    Because Defendants' violations were willful, the statute of limitations should be extended to three years, plus any additional time period under the doctrine of equitable tolling that this Court or a jury finds just and reasonable under the circumstances.

40.     Following Plaintiff's assertion directly to Defendants that she was owed overtime wages, Plaintiff has suffered retaliation at work in the following ways:

a.      Chief Heaton, circulated a memorandum directing other employees of Defendant not to talk to Plaintiff;

b.      Chief Heaton has generally avoided contact and communication with Plaintiff and only communicates in order to intimidate her, by, for example, mentioning he can terminate her at-will;

c.      Chief Heaton accused Plaintiff of opening up mail addressed to him, even suggesting that it was a Federal Offense. Plaintiff did not open mail addressed to Chief Heaton. Former Captain Robert Jarvis did open some of Chief Heaton's mail, but only mail that Chief Heaton gave to Jarvis with specific instructions to open it for him. After Captain Jarvis resigned, Chief Heaton brought in Plaintiff and accused her of opening mail that was addressed to Heaton that was in Jarvis's office.

d.      Defendants cultivated hostility in the workplace by telling workers not to speak to Plaintiff and permitting Chief Heaton to order employees not to speak to Plaintiff (especially about her overtime and wage allegations);

e.      Another two employees, firefighter Kyle Griffeth and Captain Robert Jarvis, resigned due in part to Chief Heaton's refusal to pay overtime; and

f.      Plaintiff has felt unwelcome and isolated at work since she complained about her reduced hours and about Defendant's failure to pay overtime.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

## COUNT I

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

41.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

42.     The FLSA requires employers pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty (40) hours per workweek. 29 U.S.C. § 207.

43.     Defendants directed Pepper to work, and Pepper regularly worked, in excess of forty (40) hours per workweek in one or more individual workweeks.

44.     Pepper has not been, and was not, paid overtime compensation for hours worked in excess of forty (40) hours per workweek at a rate of one and one half times the regular rate of pay.

45.     At all relevant times, Pepper was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

46.     Defendants' actions, policies and/or practices were in violation of the FLSA's overtime requirements by failing to compensate Pepper for time spent on work activities as described in this Complaint. 29 U.S.C. § 206.

47.     Defendants further violated the FLSA by failing to keep accurate record of all hours worked by their employees, including Pepper. 29 U.S.C. § 211(c).

48.     As Defendants did not maintain accurate records of hours worked pursuant to 29 U.S.C. § 211(c), Pepper will be entitled to damages based upon a reasonable estimate

built upon just and reasonable inferences from testimony regarding work performed and hours worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (U.S. 1946).

49.     Defendants will not be able to negative the presumption in favor of Pepper as to damages.

50.     Defendants knew or should have known Pepper was a non-exempt employee.  Defendants' failure to compensate Pepper at one and one half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, as alleged herein, was willful, arbitrary, unreasonable, and/or in bad faith. Given Defendants' willful conduct, the applicable statute of limitations is three years plus a reasonable period of equitable tolling. 29 U.S.C. § 255(a).

51.     As a result of Defendants' willful FLSA violations, Defendant unlawfully withheld earned and owed wages from Pepper.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b) for unpaid overtime, as well as liquidated damages, pre and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II

## FLSA RETALIATION

52.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

53.     Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

54.     Starting in 2016 and on a repeated basis up through June and July 2019, Plaintiff complained to her supervisor, Heaton, regarding the time-clock error resulting in withholding of wages.

55.     In response to Plaintiff's complaints about the time clock, Chief Heaton told her there was nothing he could do to fix the error.

56.     At that time, Plaintiff began calculating unpaid overtime and realized that she had been denied overtime wages for several years.

57.     In July 2019, after Plaintiff complained about the time-clock error, Defendants reduced her hours from 80 per two-week period to 16 in retaliation for her complaint about unpaid overtime.

58.     At the same time, Defendants also reduced Plaintiff's pension plan benefits from matching Plaintiff's payment of $165 per pay period to limiting Plaintiff's payment to $66/month and matching that lesser amount. This reduction of pension benefits is an additional adverse action taken against Plaintiff in retaliation for complaining about unpaid overtime and wages.

59.     Based on Plaintiff's complaint to Chief Heaton, Defendants had the reasonable assumption based on Plaintiff's complaint that she would pursue a claim and/or complaint with the U.S. Department of Labor regarding unpaid overtime.

60.     Defendants made this arrangement to ensure Plaintiff could no longer earn overtime wages.

61.     As a result of Defendants' willful conduct, Plaintiff lost work hours of 24 hours per week starting in July 2019 and continuing through the present until this matter is resolved.

## COUNT III

## FAILURE TO PAY WAGES

62.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

63.     This count arises from Defendants' failure to pay Plaintiff minimum wage and paid sick leave.

64.     ACFD was Plaintiff's "employer" within the meaning of A.R.S. § 23-350.

65.     Plaintiff has been ACFD's "employee" from the date of her hiring through the present.

66.     A.R.S. § 23-355 provides:

> *"[I]f an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages."*

67.     For all of 2016-2019, ACFD did not pay Plaintiff for at least two hours each two-week pay period, for at least 104 unpaid work hours.

68.     As a result of ACFD's willful failure to pay Plaintiff for each hour worked, Plaintiff has suffered damages subject to treble the amount of lost wages as a penalty, in a total amount to be determined by a jury, but no less than $5,772 ($1,924 * 3).

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

## COUNT IV

### Retaliation Pursuant to A.R.S. § 23-364(B), (E), and (G)

69.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

70.     This count arises from Defendant's retaliation against Plaintiff for complaining about not receiving wages for all hours worked.

71.     A.R.S. § 23-364(B), (E), and (G) respectively, provide (in relevant part):

*[B] "No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article…;" "[t]aking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation…;"*

*[E] "A civil action to enforce this article may be maintained in a court of competent jurisdiction by a law enforcement officer or any private party injured by a violation of this article…;" and*

*[G] "…Any employer who retaliates against an employee or other person in violation of this article shall be required to pay the employee an amount set by the commission or a court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars each day that the violation continued or until judgment is final. The commission and the courts shall have the authority to order payment of such unpaid wages, unpaid sick time, other amounts, and civil penalties and to order any other appropriate legal or equitable relief for violation of this article… [a] prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit."*

72.     On or about July 19, 2019, Plaintiff complained that she was not being paid wages for all hours worked.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

73. On July 22, 2019, the District reduced Plaintiff's hours from 80 per two-week period to 16 in retaliation against her for complaining about unpaid wages.

74. Defendant took adverse actions against Plaintiff within 90 days of her complaint about not receiving minimum wage, entitling Plaintiff to a presumption that Defendant's adverse actions were retaliation.

75. Approximately 133 days have passed since Defendant retaliated against Plaintiff for complaining about not receiving minimum wage. According to A.R.S. § 23-364(G), Plaintiff is entitled to at least $19,950 in compensatory damages to date, plus not less than $150 per day until legal judgment is final.

## COUNT IV

### Violation of the Open Meeting Law

76. Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

77. The Open Meeting Law, A.R.S. § 38-431.03, provides that, prior to demoting Plaintiff, the District was required to provide Plaintiff with no less than twenty-four hours' advance notice and an opportunity to demand that the discussion occur at a public meeting. While a meeting was held on or about July 22, 2019, the minutes do not reflect that Plaintiff's demotion or hours were discussed at all. Thus, Chief Heaton unilaterally decided to reduce her hours in violation of the Open Meeting Law and in retaliation against Plaintiff for complaining about unpaid overtime wages.

78. A.R.S. § 38-431.07(A) provides that "[a]ny person affected by an alleged violation of this article... may commence a suit in the superior court… for the purpose of

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

requiring compliance with, or the prevention of violations of, this article, by the public body as a whole, or to determine the applicability of this article to matters... of the public body..." that the court may award civil penalties and "order payment to a successful plaintiff in a suit brought under this section of the plaintiff's reasonable attorney fees..." Further, "[i]f the court determines that a public officer with intent to deprive the public of information knowingly violated any provision of this article, the court may remove the public officer from office and shall assess the public officer or a person who knowingly aided, agreed to aid or attempted to aid the public officer in violating this article, or both, with all of the costs and attorney fees awarded to the plaintiff pursuant to this section."

79.     A.R.S. § 38-431.05(A) provides that "[a]ll legal action transacted by any public body during a meeting held in violation of any provision of this article is null and void..."

80.     The evidence will show that Chief Heaton knowingly decided to demote Plaintiff, that he intended to deny Plaintiff and the public information and therefore ensured that the demotion was not reflected in the meeting minutes when the decision was made.

81.     Chief Heaton's intentional actions deprived Plaintiff and the public of information they were entitled to in violation of the Open Meeting Law, entitling Plaintiff to her reasonable costs and attorney fees.

82.     If the court so determines that Chief Heaton's actions were intentional, Plaintiff requests the Court remove Chief Heaton from office and order him to pay Plaintiff's attorney fees and costs incurred in bringing this action.

14

83.     Plaintiff states that, at this time, a total amount of $33,539.25 would settle this case. This amount is justified by: (a) liquidated unpaid overtime damages; (b) treble unpaid hour damages; (c) the penalty for retaliation under § 23-364(B), (E), and (G); and (d) attorney fees and costs.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.     Award Pepper wages due to her from Defendant in the amount of $2,409.81 as treble damages, for a total of $7,229.43;

B.     Award Pepper damages (where applicable) for all unpaid overtime from Defendant, which, less unpaid wages, totals $1,204.91 in unpaid overtime, or $2,409.82 including liquidated damages;

C.     Award Pepper general compensatory damages for emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life, as may be determined at trial;

D.     Award Plaintiff damages for retaliation under A.R.S. § 23-364(B), (E), and (G) in the amount of $18,900 and increasing at a rate of $150 per day;

E.     Award Pepper punitive damages as may be determined at trial;

F.     Award Plaintiff's attorney's fees and costs incurred in the prosecution of this action;

G.     Pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ◆ Fax (Mesa): (480) 985-7552

H.  Post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant; and

I.  All other relief, whether legal, equitable or injunctive, as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Respectfully submitted this 2nd day of December, 2019.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR

By:  /s/ David Nowakowski
David Nowakowski
*Attorney for Plaintiff*

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ◆ Fax (Mesa): (480) 985-7552